**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq., Cal. Bar No. 185123
eric@kingsleykingsley.com
KELSEY M. SZAMET, Esq., Cal. Bar No. 260264
kelsey@kingsleykingsley.com
JUSTIN M. AUFDERHAR, Esq., Cal. Bar No. 314023
justin@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

**DAVTYAN PROFESSIONAL LAW CORPORATION**
EMIL DAVTYAN, Esq., Cal. Bar No. 299363
support@davtyanlaw.com
5959 Topanga Canyon Blvd., Suite 130
Woodland Hills, California 91367
Telephone: (818) 875-2008
Fax: (818) 722-3974

Attorneys for Plaintiff and the Proposed Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIE A. BROWN, an individual, on behalf of himself and others similarly situated,<br><br>PLAINTIFF,<br><br>v.<br><br>CORE-MARK INTERNATIONAL, INC.; and DOES 1 thru 50, inclusive,<br><br>DEFENDANTS. | CASE NO. 3:18-cv-07451-JCS<br><br>[Assigned for all purposes to Chief Magistrate Judge Joseph C. Spero]<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. Violation of the Fair Credit Reporting Act for Failure to Make Proper Disclosures, 15 U.S.C. § 1681b(b)(2)(A)(i);<br><br>2. Violation of the Fair Credit Reporting Act for Failure to Obtain Proper Authorization, 15 U.S.C. § 1681b(b)(2)(A)(ii);<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff WILLIE A. BROWN ("Plaintiff"), on behalf of himself and all others similarly situated, alleges on information and belief, except for his own acts and knowledge, the following:

# I.
# INTRODUCTION

1. Defendant CORE-MARK INTERNATIONAL, INC. ("Defendant") is a Delaware Corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2. Defendant provides packaged consumer products to convenience and grocery stores in the United States and Canada.

3. Plaintiff applied, was hired, and performed work for Defendant in Corona, California.

4. During the application process, on May 4, 2017, Plaintiff filled out Defendant's purported standalone FCRA disclosure form, titled, "DISCLOSURE REGARDING BACKGROUND INVESTIGATION." (**Exhibit 1**).

5. The last sentence of Exhibit 1 provides: "The scope of this disclosure is all-encompassing, however, *allowing* the Company to obtain from any outside organization all manner of consumer reports throughout the course of your employment to the extent permitted by law" (emphasis added). Plaintiff was required to sign and date this document, which he did.

6. Plaintiff alleges that the disclosure is unclear in violation of 15 U.S.C. § 1681b(b)(2)(A)(i)'s "clear and conspicuous disclosure" requirement, as Exhibit 1 purports to *only* be a disclosure based on the document's title, but in fact, Plaintiff believed Exhibit 1 also authorized Defendant to obtain a consumer report based on the last sentence and signature requirement.

7. Upon information and belief, the average job applicant would also interpret Exhibit 1 as authorizing Defendant to obtain a consumer report. Accordingly, Defendant's FCRA disclosure is unclear because it is inaccurate,

misleading or ambiguous. *See Gilberg v. California Check Cashing Stores, LLC*, 913 F.3d 1169, 1176 (9th Cir. 2019); *Rubio v. Capital One Bank*, 613 F.3d 1195, 1202 (9th Cir. 2010) ("it is precisely because reasonable consumers can interpret an ambiguous disclosure in more than one way that such a disclosure cannot be clear and conspicuous") (citation omitted).

8. On the same date, Plaintiff also signed two different FCRA authorization forms purporting to give Defendant the right to pull Plaintiff's consumer report. (**Exhibits 2** and **3**). Because Exhibit 1 is inaccurate and Plaintiff believed Exhibit 1 already authorized the consumer report, he was misled into signing Exhibits 2 and 3 because they were duplicative of Exhibit 1's authorization. Upon information and belief, the average job applicant would be similarly misled.

9. Since Defendant's purported disclosure form (Exhibit 1) is not "clear and conspicuous" as required by law, Plaintiff was confused regarding the nature of his rights under the FCRA, misled, and did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

10. Plaintiff now brings this Class Action on behalf of himself and a nationwide class, defined as:

> "all persons in the United States who signed Defendant's form titled DISCLOSURE REGARDING BACKGROUND INVESTIGATION during the period beginning five (5) years prior to the filing of the Complaint and ending on the date as determined by the Court." (the "Proposed Class")

## II.
### JURISDICTION AND VENUE

11. The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681 of the FCRA.

12. Venue is proper in this district pursuant to 28 U.S.C. §1391(d) because

Defendant is subject to personal jurisdiction in this district, maintains offices in this district, and the actions at issue took place in this district.

## III.
## THE PARTIES

### A. PLAINTIFF

13. Plaintiff applied, was hired and performed work for Defendant in California from May 4, 2017 through April 20, 2018.

14. On May 4, 2017, Plaintiff completed Defendant's purported disclosure form (Exhibit 1).

15. On the same date, Plaintiff also signed two different FCRA authorization forms purporting to give Defendant the right to pull Plaintiff's consumer report. (Exhibits 2 and 3).

### B. DEFENDANT

16. Defendant is a Delaware Corporation. At all times relevant herein, Defendant conducted and continues to conduct business throughout the State of California including hiring employees such as Plaintiff.

17. Defendant's entity address listed with the California Secretary of State is 395 Oyster Point Blvd., Suite 415, S. San Francisco, CA 94080.

18. Defendant requires Plaintiff and all other persons similarly situated to fill out Defendant's standard FCRA packet, consisting of a purported disclosure form (Exhibit 1), and two authorization forms (Exhibits 2 and 3), permitting Defendant to obtain a consumer report verifying the applicant's background and experience.

19. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, and/or carried out a joint scheme, business plan or policy in all respects pertinent hereto, and/or the acts of each Defendant are legally attributable to the other Defendant(s).

## IV.
## NATURE OF THE ACTION

20. The FCRA provides individuals with a number of rights. Specifically, pertaining to employment-related background checks referred to as "consumer reports," the FCRA provides that a prospective employee must give valid written authorization to the background check after receiving a compliant written disclosure.

21. The FCRA's disclosure and authorization requirements are listed in 15 U.S.C. § 1681b(b)(2)(A).

## V.
## FACTUAL ALLEGATIONS

22. Plaintiff applied, was hired, and performed work for Defendant in Corona, California.

23. During the application process, on May 4, 2017, Plaintiff filled out Defendant's purported standalone FCRA disclosure form, titled, "DISCLOSURE REGARDING BACKGROUND INVESTIGATION." (Exhibit 1).

24. The last sentence of Exhibit 1 provides: "The scope of this disclosure is all-encompassing, however, *allowing* the Company to obtain from any outside organization all manner of consumer reports throughout the course of your employment to the extent permitted by law" (emphasis added). Plaintiff was required to sign and date this document, which he did.

25. Plaintiff alleges that the disclosure is unclear in violation of 15 U.S.C. § 1681b(b)(2)(A)(i)'s "clear and conspicuous disclosure" requirement, as Exhibit 1 purports to *only* be a disclosure based on the document's title, but in fact, Plaintiff believed Exhibit 1 also authorized Defendant to obtain a consumer report based on the last sentence and signature line.

26. Upon information and belief, the average job applicant would also interpret Exhibit 1 as authorizing a consumer report. Accordingly, Defendant's

FCRA disclosure is unclear because it is inaccurate, misleading or ambiguous. *See Gilberg*, 913 F.3d at 1176; *Rubio*, 613 F.3d at 1202.

27. On the same date, Plaintiff also signed two different FCRA authorization forms purporting to give Defendant the right to pull Plaintiff's consumer report. (Exhibits 2 and 3). Because Plaintiff believed that Exhibit 1 already authorized the consumer report, he was misled into signing Exhibits 2 and 3 because they were duplicative of Exhibit 1's authorization. Upon information and belief, the average job applicant would be similarly misled.

28. Since Defendant's purported disclosure form (Exhibit 1) is not "clear and conspicuous" as required by law, Plaintiff was confused regarding the nature of his rights under the FCRA, misled, and did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

29. Nonetheless, upon information and belief, Defendant then secured a consumer report regarding Plaintiff in violation 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).

30. Thereafter, Defendant hired Plaintiff.

31. Upon information and belief, Defendant required all applicants to complete the same purported disclosure form (Exhibit 1) and authorization forms (Exhibits 2 and 3) and unlawfully pulled consumer reports on all applicants.

## VI.
## THE CLASS

32. Plaintiff brings the First and Second Causes of Action on behalf of himself and all others similarly situated as a Class Action pursuant to Rule 23(a) and 23(b)(3) of the F.R.C.P. Plaintiff satisfies the requirements of Rule 23(a) and (b)(3) for the prosecution of this action as a class action. Plaintiff seeks to represent a Class composed of and defined as follows:

///

///

"all persons in the United States who signed Defendant's form titled DISCLOSURE REGARDING BACKGROUND INVESTIGATION during the period beginning five (5) years prior to the filing of the Complaint and ending on the date as determined by the Court." (the "Proposed Class")

33. Plaintiff reserves the right to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

34. Defendant, as a matter of corporate policy, practice, and procedure, in violation of 15 U.S.C. §1681b(b)(2)(A)(i)-(ii), intentionally, knowingly, and willfully, engaged in a practice whereby Defendant uniformly, unfairly, and unlawfully instituted a policy of requiring the putative class to sign an unclear disclosure form, and pulled a consumer report without valid authorization.

35. This class action on behalf of members of the Proposed Class meets the statutory prerequisites for the maintenance of a class action as set forth in Rule 23(a) and 23(b)(3) of the F.R.C.P.

A. Numerosity

36. The Proposed Class is so numerous that joinder of all class members is impracticable. While the precise number of members of the Proposed FCRA Class has not been determined at this time, Plaintiff is informed and believes that Defendant, during the relevant period, had applicants that numbered well over 1,000.

37. Plaintiff alleges that Defendant's records will provide information as to the number of all members of the Proposed Class.

B. Commonality

38. There are questions of law and fact common to the Proposed Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

    a. Whether Defendant required members of the Proposed Class to fill out the purported disclosure (Exhibit 1) and authorization forms (Exhibits

        2 and 3) permitting Defendant to obtain a consumer report;

    b. Whether Defendant's purported disclosure form meets 15 U.S.C. §1681b(b)(2)(A)(i)'s "clear and conspicuous" requirement;

    c. Whether Defendant acquires applicants' consumer reports without authorization in violation of 15 U.S.C. §1681b(b)(2)(A)(ii); and

    d. Whether Defendant "willfully" violated the FCRA pursuant to 15 U.S.C. §1681n.

C. <u>Typicality</u>

39. The claims of the named Plaintiff are typical of the claims of the members of the Proposed Class.

40. Plaintiff is a member of the Proposed Class. Plaintiff was an applicant and filled out Defendant's purported disclosure (Exhibit 1) and authorization forms (Exhibits 2 and 3) permitting Defendant to obtain a consumer report during his application process.

41. Plaintiff was subjected to the same unlawful practices as other members of the Proposed Class.

42. Plaintiff and other members of the Proposed Class suffered the same injuries and seek the same relief.

D. <u>Adequacy of Representation</u>

43. Plaintiff will fairly and adequately represent and protect the interests of the members of the Proposed Class.

44. Counsel for Plaintiff are competent and experienced in litigating large complex consumer and wage and hour class actions.

E. <u>Predominance and Superiority of a Class Action</u>

45. A class action is superior to other available means for fair and efficient adjudication of this controversy. Individual joinder of all members of the Proposed Class is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Proposed

Class.

46. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

47. Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the members of the Proposed Class to seek and obtain relief. Moreover, a class action will serve an important public interest by permitting employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them.

## VII.
## FIRST CAUSE OF ACTION
## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA
## [15 U.S.C. § 1681b(b)(2)(A)(i)]
## (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED CLASS AGAINST ALL DEFENDANTS)

48. Plaintiff, and the other members of the Proposed Class, reallege and incorporate by this reference, as though set forth herein, the prior paragraphs of this complaint.

49. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or causes to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii)

50. Plaintiff alleges that the purported standalone disclosure form is inaccurate, misleading, and ambiguous and therefore in violation of 15 U.S.C. § 1681b(b)(2)(A)(i)'s "clear and conspicuous disclosure" requirement, as Exhibit 1 purports to *only* be a disclosure based on the document's title, but in fact, Plaintiff believed Exhibit 1 also authorized Defendant to obtain a consumer report based on the last sentence and signature line.

51. The key word – "allowing" – implies the sentence authorizes Core-Mark to obtain a consumer report on the applicant. This is inaccurate because the purported standalone disclosure does not, in fact, authorize Core-Mark to obtain a consumer report on the application. The inclusion of authorization language in the purported standalone disclosure creates ambiguity and is confusing to the average job applicant. *See Rubio*, 613 F.3d at 1202 ("it is precisely because reasonable consumers can interpret an ambiguous disclosure in more than one way that such a disclosure cannot be clear and conspicuous") (citation omitted). The inference of ambiguity is further justified because Plaintiff and the putative class were required to sign and date the disclosure form. The FCRA only requires the authorization form to be signed by the applicant. 15 U.S.C. § 1681b(b)(2)(A)(ii).

52. Upon information and belief, the average job applicant would also interpret the purported standalone disclosure as authorizing a consumer report. *Rubio*, 613 F.3d at 1200; 1208 (adopting "reasonable consumer" or "average

consumer" standard).

53. Accordingly, Defendant's FCRA disclosure is unclear because it is inaccurate, misleading or ambiguous to the average job applicant.

54. Nonetheless, upon information and belief, Defendant then secured a consumer report regarding Plaintiff and the putative class.

55. Upon information and belief, Defendant required all applicants to complete the same purported FCRA disclosure form.

56. Indeed, the FCRA authorization is permitted to be on the same "document" as the FCRA disclosure. 15 U.S.C. § 1681b(b)(2)(A)(ii) (the "authorization may be made on the document referred to in clause (i)"). However, Core-Mark chose to create a purported standalone FCRA disclosure (Ex. 1) *and* two separate standalone authorization documents (Exhibits 2 and 3). As the drafter of these documents, Core-Mark bears responsibility for inaccuracy or ambiguity caused by including authorization language and a signature line in its standalone disclosure.

57. This violation of the FCRA is willful. 15 U.S.C. §1681n. Defendant knew that its standard disclosure form must be clear and not inaccurate, misleading or ambiguous to the average job applicant.

58. Plaintiff and all other members of the Proposed Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

59. Plaintiff and all other members of the Proposed Class are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

60. Plaintiff and all other members of the Proposed Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

///

///

///

# VIII.
# SECOND CAUSE OF ACTION
# FOR FAILURE TO OBTAIN PROPER AUTHORIZATION IN VIOLATION OF THE FCRA
# [15 U.S.C. § 1681b(b)(2)(A)(ii)]
# (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED CLASS AGAINST ALL DEFENDANTS)

61. Plaintiff, and the other members of the Proposed Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

62. Since Defendant's purported standalone disclosure form is inaccurate, misleading, and ambiguous and therefore not "clear and conspicuous" as required by law, Plaintiff was confused regarding the nature of his rights under the FCRA, misled, and did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

63. Because Plaintiff believed that Exhibit 1 already authorized the consumer report, he was misled into signing Exhibits 2 and 3 because he felt they were duplicative of Exhibit 1's authorization. Upon information and belief, the average job applicant would be similarly misled.

64. This violation of the FCRA is willful. 15 U.S.C. §1681n. Defendant knew that its purported disclosure form must be clear and conspicuous. In addition, Defendant knew that proper authorization is not possible without a legally compliant disclosure.

65. Plaintiff and all other members of the Proposed Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

66. Plaintiff and all other members of the Proposed Class are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

67. Plaintiff and all other members of the Proposed Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the Proposed Class:

   A) That the Court certify the First and Second Causes of Action asserted by the Proposed Class as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

   B) A determination and judgment that Defendant willfully violated 15 U.S.C. § 1681(b)(2)(A)(i) and (ii) of the FCRA;

   C) Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to Plaintiff and all other members of the Proposed Class in an amount equal to $1,000 for Plaintiff and all other members of the Proposed Class for Defendant's willful violation of the FCRA;

   D) Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to Plaintiff and all other members of the Proposed Class;

   E) An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

   F) Such other and further relief as the Court deems just and equitable.

### DEMAND FOR JURY TRIAL

DATED: May 24, 2019                    KINGSLEY & KINGSLEY, APC

By: /S/ KELSEY M. SZAMET
    Kelsey M. Szamet
    Attorney for Plaintiff and the Putative Class

13
SECOND AMENDED CLASS ACTION COMPLAINT